*Bailey v. Gooding,* 301 N.C. 205, 209, 270 S.E.2d 431, 434 (1980) (citations omitted).

In the instant case, the parties agree that the only way judicial economy can be served is by a determination of the underlying substantive appeal at this time. Such a determination will not fragment the case. To the contrary, it will significantly shorten the process and clear the path toward finality for all concerned. If the appellate court upholds the judge's ruling as to contributory negligence, the necessity of going to trial on damages becomes immediately clear. On the other hand, if the court rules in favor of the defendant on the issue of contributory negligence, reinstating the jury verdict as to that issue, a trial on damages and the appeal that could follow would be avoided entirely. Regardless of whether an appellate court undertakes a substantive appeal now or after the parties have gone through a trial on damages, the issue of whether the trial judge was correct in overturning the jury verdict on contributory negligence remains central and will, in any event, need to be addressed. Deciding the matter now would streamline the process by delineating, as well as limiting, the remaining issues that could be litigated and appealed.

We hold that this appeal affects a substantial right of the defendants under N.C.G.S. §§ 1-277(a) and 7A-27(d). Accordingly, we reverse the decision of the Court of Appeals and remand to that court for consideration of the substantive appeal.

REVERSED AND REMANDED.

―――――――――

CHESAPEAKE MICROFILM, INC. v. NORTH CAROLINA DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES

No. 435A93

(Filed 6 October 1994)

Appeal by Chesapeake Microfilm, Inc., pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 111 N.C. App. 737, 434 S.E.2d 218 (1993), reversing the judgment entered by Hairston, J., at the 7 October 1991 Civil Session of Superior Court, Forsyth County, which vacated the final agency decision of the Environmental Management Commission, and remanding for reinstatement of the penalty assessed by the Commission. Heard in the Supreme Court 12 September 1994.

TRUE v. T & W TEXTILE MACHINERY

[337 N.C. 798 (1994)]

*Moore and Brown, by B. Ervin Brown, II, and David B. Puryear, Jr., for petitioner-appellant.*

*Michael F. Easley, Attorney General, by Francis W. Crawley and Daniel F. McLawhorn, Special Deputy Attorneys General, for respondent-appellee.*

PER CURIAM.

The decision of the Court of Appeals is affirmed.

AFFIRMED.

━━━━━━━━━━

CONNIE S. TRUE AND DAVID R. TRUE, SR. v. T & W TEXTILE MACHINERY, INC. AND WALTER REUBIN PITTS

No. 524PA93

(Filed 6 October 1994)

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 112 N.C. App. 358, 435 S.E.2d 551 (1993), affirming the final judgment and the order entered by Burroughs, J., 9 April 1992 in Superior Court, Mecklenburg County. Heard in the Supreme Court 13 September 1994.

*Richard F. Harris, III, for plaintiff-appellants.*

*Hedrick, Eatman, Gardner & Kincheloe, by Edward L. Eatman, Jr., and Kent C. Ford, for defendant-appellees.*

PER CURIAM.

AFFIRMED.